Lanning M. Trueb, ABA No. 8911083
JOHNSON BEARD & TRUEB, P.C.
330 L Street
Anchorage, Alaska 99501
Phone:  907.277.0161
Facsimile: 907.277.0164
E-mail: Lmtrueb@msn.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT AT ANCHORAGE

| | |
|---|---|
| EMILY HARTER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PETE FEENSTRA, and the F/V VIS, O.N. 973035 and her engine, machinery, tackle, gear, appurtenances, apparel, furniture and equipment, *in rem*,<br><br>　　　　　　Defendants. | **VERIFIED COMPLAINT FOR MARITIME PERSONAL INJURY & EARNED WAGES**<br><br><br><br>Case No. 3:20-cv-00077-SLG |

## ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY AND PREPAYMENT OF COSTS
**(28 U.S.C. § 1916)**

Plaintiff Emily Harter, through counsel Lanning M. Trueb of Johnson Beard & Trueb, P.C., alleges the following causes of action against defendants.

## INTRODUCTION

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears.  This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). The negligence action against plaintiff's employer arises under §33 of the Merchant Marine Act of 1920, presently found at 46 U.S.C. § 30104 (Jones Act).  The unseaworthiness and wage

**Complaint**
*Harter v. F/V VIS* 　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 6

claims against the *in personam* and *in rem* defendants arise under the general maritime and other applicable law. Plaintiff waives her right to a trial by jury and elects to try her action on the admiralty side of this Honorable Court. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

2. Plaintiff was hired by defendant Pete Feenstra as a crewmember to work aboard the F/V VIS, O.N. 973035, for the 2019 Prince William Sound commercial salmon seine season.

3. Plaintiff's injury claims arose during the time period July 1, 2019 through early August 2019. Per 46 U.S.C. § 30106, plaintiff's claims are timely filed.

4. Plaintiff's wage claims arise from her work on and aboard the vessel. Under the terms of her crew contract, plaintiff was to be paid all sums owed for her work on October 1, 2019. Under applicable law, plaintiff's *in personam* and *in rem* claims for wages are timely filed.

5. This Court has both subject matter and personal jurisdiction over all of plaintiff's claims.

6. Plaintiff's crew contract contains a provision that disputes between her and her employer are to be filed in Federal Court. Pursuant to the Jones Act, general maritime law, and the provisions of plaintiff's crew contract, venue is appropriate before this Court.

7. During all times herein mentioned, defendant Feenstra was a resident of the State of Washington, and conducted business in the State of Alaska and was plaintiff's employer.

8. On information and belief, Thompson Maritime, LLC was, during all times herein mentioned, the owner of the F/V VIS; but defendant Feenstra was the owner *pro hac vice* and/or operator and/or charterer and/or controller of the F/V VIS.

9. The *in rem* defendant F/V VIS is a vessel, and is now or will, during the pendency of this process hereinafter, be within this district and the jurisdiction of the Court.

## JONES ACT NEGLIGENCE AND UNSEAWORTHINESS

10. Plaintiff hereby realleges and incorporates paragraphs 1 – 9.

11. In May 2019, plaintiff was engaged as a seaman by defendant Feenstra to be employed aboard the F/V VIS.

12. In mid-July, and while plaintiff was performing her duties aboard the F/V VIS, defendant Feenstra and other crew negligently began harassing, degrading and intimidating plaintiff, and making sexually charged comments to plaintiff, and otherwise created a hostile work environment. Defendant Feenstra and/or other crew went so far as to write harassing, degrading and intimidating comments in plaintiff's personal journal. These actions were a violation of defendant Feenstra's duties under the Jones Act and a breach of the warranty of unseaworthiness.

13. As a direct and proximate result of the negligence of defendant Feenstra and/or his representatives, officers, agents, crew, servants or employees, and/or as the direct and proximate result of the unseaworthiness of the F/V VIS, plaintiff was caused to suffer injuries, inter alia, including without limit anxiety, distress, fear and emotional and mental anguish, fear for her safety, and was afraid to remain aboard the vessel.

14. As a direct and proximate cause of the above-described injuries, plaintiff was prevented from pursuing her work aboard the F/V VIS, and in addition to the loss of income plaintiff has already suffered because of said injury, plaintiff incurred general damages for fear, anxiety, and emotional and mental distress, and was prevented from enjoying the enjoyments and pursuits of life, in an amount to be proven more definitely at trial in this matter.

**Complaint**
*Harter v. F/V VIS* Page 3 of 6

## EARNED WAGE CLAIMS

15. Plaintiff hereby realleges and incorporates paragraphs 1 – 14.

16. In May 2019, plaintiff was hired by defendant Feenstra to do work on the F/V VIS in preparation for the 2019 Prince William Sound salmon seine season for $150 per day.

17. Defendant Feenstra failed to pay plaintiff anything for this work.

18. Defendant Feenstra's failure to pay plaintiff for this work was a breach of his wage obligations to plaintiff, and gives rise to a preferred maritime lien against the *in rem* defendant, the F/V VIS, all in an amount to be proven more definitely at trial in this matter.

19. Defendant Feenstra's breach of his wage obligations to plaintiff also gives rise to applicable penalties and claims for attorney fees against defendant Feenstra. all in an amount to be proven more definitely at trial in this matter.

20. Plaintiff signed a written crew agreement for her work aboard the F/V VIS for the 2019 Prince William Sound commercial salmon seine season. Under the terms of her crew agreement, plaintiff was to be paid a crew share of 9%. Under the terms of plaintiff's crew agreement, she was to be paid for her work aboard the F/V VIS on October 1, 2019.

21. Plaintiff worked aboard the F/V VIS for 50 days; or until August 2, 2019 when, for the reasons noted in ¶12 above, she was caused to leave the vessel.

22. Despite the terms of her crew agreement, defendant paid plaintiff only $410 in an advance, and $1,095 for fishing gear and her commercial fishing license. Save these amounts, defendant Feenstra paid nothing for her work aboard the F/V VIS.

23. Defendant Feenstra's failure to pay plaintiff for her work performed during the 2019 Prince William Sound commercial salmon seine season was a breach of his wage

**Complaint**
*Harter v. F/V VIS*  Page 4 of 6

obligations to plaintiff, and gives rise to a preferred maritime lien against the *in rem* defendant, the F/V VIS, all in an amount to be proven more definitely at trial in this matter.

24. Defendant Feenstra's breach of his wage obligations to plaintiff also gives rise to applicable penalties and claims for attorney fees against defendant Feenstra. all in an amount to be proven more definitely at trial in this matter.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays this Court to hear her just cause of action, and that this Court require the defendant *in personam* to answer her just cause of action, and that she be awarded judgment against defendant as follows:

1. That plaintiff be awarded compensatory damages, and any other damages allowable under the general maritime law, the Jones Act, and other applicable law against defendant Feenstra in an amount in excess of One Hundred Thousand Dollars ($100,000.00), to be more fully determined at trial in this matter.

2. That the defendant F/V VIS be held to answer to an *in rem* judgment, with all available *in rem* procedures; and that plaintiff be adjudged as a holder of a personal, preferred maritime lien against the vessel.

4. That plaintiff be awarded attorney's fees, penalties on her wage claims, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

DATED this 31st day of March, 2020, at Anchorage, Alaska.

          JOHNSON BEARD & TRUEB, P.C.
          Attorney for Plaintiff

          By: /s/ Lanning M. Trueb
             Lanning M. Trueb, ABA No. 8911083

**Complaint**
*Harter v. F/V VIS*                             Page 5 of 6

JOHNSON BEARD & TRUEB, PC
330 L STREET
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

**VERIFICATION**

Lanning M. Trueb, deposes and says: Per the provisions of LAR (e)-3(b), that he is the attorney for Plaintiff and makes this verification on her behalf; that he has read the above and foregoing Complaint *in rem* and *in personam*, knows the contents thereof, and the same is true to the best of his knowledge, information and belief, based upon the information furnished to him by Plaintiff. Lanning M. Trueb makes this Verification per Plaintiff's authority, and for the reason that Plaintiff is confined due to the present COVID-19 orders and restrictions and is without the ability to sign and return a Verification of her own at this time. Plaintiff will provide her own Verification when conditions exist such that she is able.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT

Date this 31st day of March, 2020, at Anchorage, Alaska.

/s/ Lanning M. Trueb
Lanning M. Trueb